SCHWAB, C. J.,
dissenting.
This case does not involve any dispute about religious principle, but only the question of whether an employe, be he janitor, groundskeeper or secretary, discharged by Northwest Christian College would be eligible for unemployment compensation. In holding the college is exempt from the Unemployment Compensation Act, the majority denies such benefits to the college’s former employes. I would hold the college is subject to the Act, and thereby extend unemployment compensation benefits to its former employes.
The critical facts are simple. The college’s Board of Trustees has the sole legal authority to manage and direct the affairs of the college. The Christian Church has no legal authority to operate, supervise or control the Board of Trustees. Nevertheless, the trustees do voluntarily acquiesce in supervision by the Christian Church.
The disputed legal question is the meaning of "operated, supervised [or] controlled * * * by a church” in ORS 657.072(l)(a)(B). The majority interprets this language to mean control in fact, regardless of whether based on any legal authority, and to include the trustees’ voluntary subordination to the Christian Church. I would interpret ORS 657.072(l)(a)(B) sis requiring that there be a legal right to control; and it being clear that the Christian Church has no such legal right to control the college, I would reverse the referee’s decision that the college is exempt from the Unemployment Compensation Act.
*[207] The most analogous authority supports my construction. In Journal Pub. Co. v. State U. C. Com., 175 Or 627, 663, 155 P2d 570 (1945), the Supreme Court interpreted the phrase "control or direction” in what is now codified as ORS 657.040(1) to mean "the existence of the right or authority to interfere or control.” The control-or-direction language in ORS 657.040(1) is synonymous with the supervised-or-controlled language in ORS 657.072(l)(a)(B). Given that the Supreme Court has held the former means the legal right to control, I believe we are bound to place the same interpretation on the latter.
Furthermore, the interpretation of ORS 657.072(l)(a)(B) which I favor — the legal right to control — is relatively easy to administer. By contrast, the majority’s interpretation of ORS 657.072(l)(a)(B) as extending to de facto control without legal authority will present administrative difficulties. How much de facto control is required? Are all nonprofit employers connected with religious activities invited to surrender control to a church as a way to gain exemption from Unemployment Compensation Act payroll taxes?
Finally, I find the majority to be inconsistent. Aside from the control issue, ORS 657.072(l)(a)(B) would exempt the college from the Act if it were "principally supported by a church.” The college cross-appeals from the referee’s finding that it is not. The majority disposes of the issue in a sentence; although most of the contributors to the college are members of the Christian Church, this does not amount to support by a church. But this seems to be de facto church support as much ais the de facto church control that the majority relies upon. The majority never explains why support and control are treated differently.
I would reverse and, therefore, respectfully dissent.
Thornton, Lee, and Richardson, Judges, join in this dissent.